IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/03/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

KAMBAR T. DOSPAEV,               )
                                 )
                Petitioner,      )
                                 )
        v.                       )    Case No. 26-3239-JWL
                                 )
JACOB WELSH, Warden, Chase County )
        Detention Center;        )
CHRISTOPHER CHALLENGER, Field Office )
        Director, ICE ERO;       )
DAVID J. VENTURELLA, Acting Director, ICE; )
MARKWAYNE MULLIN, DHS Secretary; and )
TODD BLANCHE, Acting Attorney General; )
                                 )
                Respondents.     )
                                 )
_____ )

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 14, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner alleges – and respondents do not dispute – that he is a native of Kyrgyzstan who paroled into the United States in 2023; that he has resided in the United

States since that time; that on July 8, 2026, immigration officials detained petitioner; and that he is presently in custody in this judicial district.  On July 16, 2026, petitioner filed the instant habeas action, and the Court ordered expedited briefing; respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[1]

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming

---

[1]  Petitioner also claims that his detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statutes, it need not reach that issue.

majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who has been paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at \*2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in the cited cases, and they therefore acknowledge that the reasoning of those cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 2026 WL 1876709, at \*17 n.13; *Galdamez Orellana*, 2026 WL 710121, at \*3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents

3

either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to

8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its

merits, on or before **August 14, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas

corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**.  Respondents are ordered

either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to

8 U.S.C. § 1226(a) on or before **August 14, 2026**, and they are further ordered to provide

notice to this Court when such relief has been given.  The Court denies any request for

other relief.

IT IS SO ORDERED.

Dated this 3rd day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2]  Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe.  Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits.  Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.